DAVID BELL et al., Appellants, *v.* BOARD OF SUPERVISORS OF THE COUNTY OF SULLIVAN et al., Respondents.

Third Department, October 2, 1967.

*Louis Tieger* for appellants.

*Carl P. Goldstein, County Attorney (David Farber* of counsel), for respondents.

Herlihy, J.  The appellants commenced this action as taxpayers in the County of Sullivan to prevent certain expenditures of money for the construction of an airport.  The trial court at Special Term granted summary judgment in favor of the respondents.  It appears that the respondents while following the ordinary procedure in such matters determined to establish an airport and secured the temporary allocation of certain funds by the proper agency of the Federal Government for such a project.  Prior to a final or " project approval " of such funds, however, the Federal Government requires that the municipality

show that it has on hand or can obtain as needed its share of the matching funds necessary to pay the entire estimated costs of the proposed project. After securing the temporary allocation of funds, the respondent board duly enacted Resolution No. 304 on December 20, 1966 which officially resolved to establish a "County Airport" and provided for the raising of its share of the necessary funds; a portion from a surplus fund and a portion from the sale of bonds.

On January 4, 1967 the respondent board duly enacted Resolution No. 7 which refers to the prior Resolution No. 304 of 1966 and then among other things specifically provides in subdivision (b) of section 2 for the issuance of certain serial bonds, the proceeds of which are to be used for the acquisition of land and the construction of improvements thereon.

In sum, as the result of the Federal agency making available to Sullivan County $1,241,850, the county adopted the resolution wherein it provided matching funds as required by the Federal agency in order to qualify for the actual allocation of the said money.

The very nature of the resolutions, relating as they do to the financing of the county's share of the total cost, indicates an attempt to comply with one of the necessary requisites of a project application that each sponsor must state in its application that it has on hand, or show that it can obtain as needed funds to pay all estimated costs of the proposed project that are not borne by the United States or another sponsor. (Code of Fed. Reg., tit. 14, § 151.23.)

The appellants sought a declaratory judgment that these two resolutions were illegal and void and in support of such contention they argue that subdivision 2 of section 99-d of the General Municipal Law contains a time limitation (one year) that prohibited the present proposed financing as intended by the respondents and, *inter alia,* further that the approval of the State Commissioner of Commerce mandated by section 357 of the General Municipal Law was not secured.

We find that both of these arguments are without merit.

Section 99-d of the General Municipal Law is captioned "Planning for future capital improvements" and in subdivision 1 permits a county to authorize planning for a capital improvement which "might be undertaken in the future". In subdivision 2 of this section it is provided that where the financing of such planning is by the issuance of bonds or capital notes, then the project may not be started until one year after such issuance.

The resolutions involved herein do not purport to be for the purpose of planning an airport, but are for the construction of such airport. In other words, there is nothing involved within the contemplation of section 99-d in the sense of planning for a future improvement and the statute is inapplicable.

Section 357 of the General Municipal Law applies only to "project application[s]" and it appears that such application has not yet been made. The section does not require approval prior to the passage by the Board of Supervisors of the questioned resolutions and a letter from the Department of Commerce in the record states that such approval "is not required until after an allocation of funds is made and a formal application for such funds is made to the Federal Aviation Agency". (See Commerce Law, § 100, subd. 26; § 101.)

The judgment should be affirmed.

GIBSON, P. J., REYNOLDS, AULISI and GABRIELLI, JJ., concur.

Judgment affirmed, without costs.